IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CASEY CARMICHAEL, #59419-019**                                          **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO.  5:10-cv-103-DCB-MTP**

**UNITED STATES OF AMERICA**                                      **DEFENDANT**

## **MEMORANDUM OPINION**

On June 8, 2010, the Plaintiff, an inmate of the Bureau of Prisons, filed a *pro se* Complaint pursuant to the Federal Tort Claims Act, along with a request to proceed *in forma pauperis*. On June 8, 2010, an order [3] was entered that advised the Plaintiff of certain provisions of the Prison Litigation Reform Act and the order directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this case, or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff failed to comply with this order. The Plaintiff was warned in this order [3] that his failure to timely comply with the requirements of the order may lead to the dismissal of his Complaint.

On August 4, 2010, the Court entered an order [4] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order of June 8, 2010. In addition, Plaintiff was directed to file his response and comply with the Court's order by filing the required documents, on or before August 26, 2010. The Plaintiff was warned in the show cause order that failure to comply with the requirements of the order by August 26, 2010, would result in the dismissal of this case, without further notice. The

Plaintiff has not complied with the show cause order.

Plaintiff has failed to comply with two court orders and he has not contacted this Court since June 8, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v.  Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 29th   day of September, 2010.

                                              s/David Bramlette
                                              UNITED STATES DISTRICT JUDGE